**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-581-RJC
(3:07-cr-109-RJC-1)**

| | |
|---|---|
| KARL SULLIVAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA. ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the motion will be dismissed.

**I.   BACKGROUND**

On July 16, 2008, the Court sentenced petitioner based on a jury's verdict finding him guilty of a violation of 18 U.S.C. § 922(g), (Doc. No. 18: Verdict), and the Court's finding that he was an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), (Doc. No. 22: Judgment). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which rejected his claim that the evidence was insufficient to convict him. United States v. Sullivan, 330 F. App'x 445 (4th Cir. 2009). The Supreme Court denied his petition for writ of certiorari on October 13, 2009 . Sullivan v. United States, 558 U.S. 960 (2009). On October 17, 2013, Petitioner filed the instant § 2255 motion.

**II.   STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing

courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After examining the motion the Court finds Petitioner is clearly not entitled to relief.

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's Judgment became final on or about October 13, 2009, when the Supreme Court denied his petition for a writ of certiorari. Although the motion was not filed until four years later, Petitioner asserts his motion is timely under § 2255(f)(3) because it was filed within a year of Alleyne v. United States, 133 S. Ct. 2151 (2013), and Descamps v. United States, 133 S. Ct. 2276 (2013). (Doc. No. 1: Motion at 8; Memorandum at 1-2).

Petitioner, however, provides no legal authority to show that either of these decisions

recognized new rights made retroactively applicable to cases on collateral review.  In fact, courts have found that neither does. See, e.g., Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) ("Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Justices have decided that other rules based on Apprendi do not apply retroactively to cases on collateral review.") (internal citation omitted); United States v. Stewart, --- F. App'x ---, No. 13-6775 (4th Cir. Sept. 27, 2013) (noting Alleyne has not been made retroactive); Roscoe v. United States, No. 2:13-cv-8006, slip op. at 11 (N.D. Ala. Oct. 16, 2013) (finding no cases declaring Descamps retroactive).

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion, (Doc. No. 1), is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 21, 2013

Robert J. Conrad, Jr.
United States District Judge